

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. Judson Balch
County Attorney
Baylor County
Seymour, Texas

Dear Sir:                          Attention: Mr. J. Donnell Dickson

Opinion No. O-4473
Re: Is the sheriff-tax assessor-
collector of Baylor County re-
quired to report as fees of
office the compensation he re-
ceives as tax collector for the
city of Seymour?

Your letter requesting the opinion of this depart-
ment on the above stated question reads as follows:

"The Sheriff, Tax Assessor-Collector of
Baylor County, Texas, under and by virtue of
Article 1042b R. C. S. also collects the taxes
for the City of Seymour, an incorporated town.

"Is said Sheriff, Tax Assessor-Collector
of Baylor County, Texas, required to report as
fees of office the compensation he receives as
tax collector for the City of Seymour?

"Article 1042b of Revised Civil Statutes
became effective May 8, 1941, and I have been
unable to find any authority touching on the
fees received from an incorporated city.

"Article 2792, R. C. S. and your opinion
No. O-1133 covers fees received by such officer
from an Independent School District. 144 (2)
S. W., Taylor, et al V. Brewster County is to
the same effect."

We thank you for your brief submitted with your inquiry on the above stated question and agree with the conclusion therein stated.

Baylor County has a population of 7,755 inhabitants according to the 1940 Federal Census and the county officials of said county are compensated on a fee basis.

Section 14 of Article 8 of the State Constitution provides:

"The sheriff of each county, in addition to his other duties, shall be the assessor and collector of taxes therefor; but, in counties having ten thousand (10,000) or more inhabitants, to be determined by the last preceding census of the United States, an assessor and collector for taxes shall be elected to hold office for two (2) years, and until his successor shall be elected and qualified."

Article 7246, Vernon's Annotated Civil Statutes, provides:

"In each county having less than ten thousand (10,000) inhabitants, the sheriff of such county shall be the assessor and collector of taxes, and shall have and exercise all the rights, powers and privileges, be subject to all the requirements and restrictions, and perform all the duties imposed by law upon assessors and collectors; and he shall also give the same bonds required of a collector of taxes elected."

As Baylor County has a population of less than 10,000 inhabitants the sheriff of said county is the assessor and collector of taxes therefor, under the provisions of the Constitution and the statute above quoted.

Article 1042b, Vernon's Annotated Civil Statutes, authorizes an incorporated city, town or village, etc., to secure the services of the county tax assessor-collector, in compliance with said statute, to perform the duties therein mentioned. This statute further provides compensation for the county tax assessor-collector for services performed thereunder.

The last two paragraphs of Article 3891, Vernon's Annotated Civil Statutes, provide:

"The compensation, limitations and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

It appears that the terms of the last above quoted article are inclusive to the extent that in order for fees to be exempt thereunder, they must be specifically excluded. We direct your attention to the case of Nichols vi Galveston County, (Sup. Ct. of Tex.) 228 S. W. 547. In this case Galveston County sued the appellant to recover certain fees and commissions received by him as tax assessor and collector of Galveston County, who also performed the duties of assessor and collector of a drainage district for which latter services he received the compensation for which recovery was sought. The court, in considering the case, compared the article under which compensation is allowed to tax assessors and collectors for their services in assessing and collecting taxes of drainage districts to the article under which the tax

assessor and collector of a county may be designated assessor and collector of an independent school district, and receive in return for acting as such certain commissions. The court considered situations arising under each article with respect to accountability of commissions received thereunder to be completely analogous. The court cited the case of Ellis County v. Thompson, 66 S. W. 48, quoting from such case in the following language:

"The Phrase 'fees of all kinds' embraces every kind of compensation allowed by law to a clerk of the county court, unless excepted by some provision of the statute . . . The exceptions are so definite that by implication all fees not mentioned in the exceptions are excluded therefrom, and thereby included within the requirements of the act."

The above mentioned case further holds, in effect, that where the county assessor did not account for the portion of the fees received for which the county was entitled under the statute prescribing the maximum amount of fees that may be retained by the county assessor, the county could bring an action on the assessor's bond; the duty of accounting for the assessor's fees being within the condition of the bond.

We also direct your attention to the case of Taylor, et al v. Brewster County, 144 S. W. (2d) 314, which, among other things, holds that fees received by a sheriff and tax collector for assessing and collecting taxes for school districts tentatively belong to the sheriff and tax collector, subject to his duty to account therefor th the county under the fee bill.

In view of the foregoing authorities, we respectfully answer the above stated question in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED MAR 14, 1942

AW:GO